UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SAIT ANVARBEKOVICH KURMANGALIYEV,

                       Plaintiff,

v.

THE CITY OF NEW YORK,

                       Defendant.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
22-CV-5656 (LDH)

---

LaSHANN DeARCY HALL, United States District Judge:

      Sait Anvarbekovich Kurmangaliyev ("Plaintiff"), proceeding *pro se*, brings the instant action pursuant to 42 U.S.C. § 1983 against the City of New York ("Defendant"), alleging emotional distress, physical and mental harm, and violation of the Fourth Amendment to the United States Constitution. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed. Plaintiff is granted 30 days leave from the date of this Order to file an amended complaint.

## STANDARD OF REVIEW

      A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a pro se complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers."

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, the Court is required to dismiss sua sponte an in forma pauperis action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Under section 1983, individuals may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983). To establish a viable section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted). Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) ("[T]he under[-]color-of-state-law element of [section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (citation and internal quotation marks omitted.

Here, Plaintiff alleges that the "NYC Sheriff deputy commanded me to ID myself when I approached him and nicely asked about parking on foot, he commanded me inside my car and

stated he escalated encounter in a traffic stop, I've told him he violated me and he can't just ID person in NY without suspicion but he could care less . . ..." (Compl. at 5.)  Plaintiff further alleges that the individual kneeled on his car door, and "made a comment like if [Plaintiff is] a taxi driver" and caused Plaintiff to feel "humiliated and violated."  Plaintiff also alleges that he contacted "the city, the local DOI, and supervising sheriffs," but received no response.  (*Id.*)  Absent from the complaint is any specific allegation related to the City of New York.

Municipalities, such as the City of New York, can be liable under section 1983 only if a plaintiff can demonstrate "(1) an official [municipal] policy or custom that (2) cause[d] the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)).  A plaintiff can establish an official policy or custom by showing any of the following:  (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates.  *See Iacovangelo v. Corr. Med. Care, Inc.*, 624 F. App'x 10, 13–14 (2d Cir. 2015) (formal policy officially endorsed by the municipality); *Matusick*, 757 F.3d at 62 (widespread and persistent practice); *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 164 (2d Cir. 2014) (failure to train amounting to deliberate indifference); *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012) (policymaking official's "express" or "tacit" ratification of low-level employee's actions).  Plaintiff does not allege any unconstitutional policy or custom

attributable to New York City that would confer municipal liability.  Accordingly, all claims against the City of New York are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  In light of this Court's duty to liberally construe *pro se* complaints, and in an abundance of caution, the Court will allow Plaintiff to file an amended complaint in compliance with Rule 8 of the Federal Rules of Civil Procedure.  *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).  Pursuant to Rule 8, Plaintiff must provide a short, plain statement of claim against each defendant named so that each defendant has adequate notice of the claims against them.  *Iqbal,* 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

Plaintiff must identify each defendant in both the caption and the body of the amended complaint, and name as proper defendants those individuals who have some personal involvement in the actions alleged in the amended complaint.  Plaintiff must also provide the dates and locations for each relevant event.  Plaintiff is advised that an amended complaint completely replaces the original complaint, so he must include in the amended complaint all the necessary information to support his claims.  Any amended complaint must be captioned "Amended Complaint" and bear the same docket number as this order: 22-CV-5656 (LDH) (CLP).

No summons will issue at this time, and all further proceedings will be stayed for 30 days.  If Plaintiff does not file an amended complaint within 30 days from the date of this Order, judgment dismissing this action will be entered.   The Clerk of Court is directed to mail a copy of this Order and a civil rights form complaint to Plaintiff, and to note the mailing on the docket.

4

Plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 for free, limited-scope legal assistance.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       December 13, 2023

/s/ LDH
L<small>A</small>SHANN D<small>E</small>ARCY HALL
United States District Judge