UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

Received Pro Se Office via Box.com
Feb.28.2024
2:57pm

------------------------------------- X

SAIT ANVARBEKOVICH KURMANGALIYEV

    Plaintiff,

    v.

**AMENDED COMPLAINT**

22-CV-5656 (AMD-CLP)

THE CITY OF NEW YORK,
THE NEW YORK CITY DEPARTMENT OF FINANCE,
THE OFFICE OF THE SHERIFF OF THE CITY OF NEW YORK,
QUEENS COUNTY SHERIFF'S DEPARTMENT,
QUEENS COUNTY DEPUTY SHERIFF MARZAN,
JOHN DOE SHERIFF DEPUTY #1,
JOHN DOE SHERIFF DEPUTY #2,
JOHN DOE SHERIFF DEPUTY #3,
JOHN DOE SHERIFF DEPUTY #4, AND
JOHN DOE SHERIFF DEPUTY #5.

(QUEENS COUNTY SHERIFF DEPUTIES)

    **Defendants.**

------------------------------------- X

Plaintiff Sait Anvarbekovich Kurmangaliyev, appearing Pro Se, as and for his Amended Complaint, hereby alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil action pursuant to 42 U.S.C. §1983 and the laws of the State of New York. Plaintiff brings this action for violation of his 4th Amendment right to be free from unreasonable stop and seizure by the Defendants based on established articulable standards. Plaintiff should not have been stopped and seized, except for probable cause or reasonable suspicion that he committed a crime. Plaintiff also brings this action against Defendants the New York City Department of

Finance ("NYC DOF"), the New York City Sheriff's Office, Queens County Sheriff's Department, Deputy Sheriff Marzan and the other 5 John Doe Sheriff Deputies (as all hereinafter defined) as a supplemental state claim for malicious prosecution of Plaintiff in the Manhattan South Traffic Violations Bureau for allegedly "driving with a covered license plate." The ticket for purportedly driving with "a covered license plate" was dismissed in Traffic Court. Plaintiff also brings this action against Defendants DOF, NYC Sheriff's Office, Queens Sheriff's Department, Deputy Sheriff Marzan and the other 5 John Doe Sheriff Deputies (as all hereinafter defined) for violation of his rights under the New York State Constitution. Plaintiff seeks damages, other equitable relief, and costs of this action, with disbursements.

## JURISDICTION

2. This action asserts claims under 42 U.S.C. §1983 and the laws of the State of New York. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3. The state law claims asserted in this action are so related to the claims over which the Court has original jurisdiction that they form part of the same case or controversy. Accordingly, this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. Section 1391(b) and 112(c).

## JURY DEMAND

5. Plaintiff demands trial by jury in this action.

## PARTIES

6. Plaintiff Sait Anvarbekovich Kurmangaliyev currently resides at 2533 Batchelder St., Apt 2G, in Kings County, New York State.

7. Defendant City Of New York ("NYC") is a Municipal Corporation of the State of New York. NYC through its agencies promulgates and implements policies and procedures, including those with respect to law enforcement, and the regulation and supervision of the New York City Department of Finance ("NYC DOF"). Senior officials in these NYC agencies, such as NYC DOF, are aware of and tolerate practices by subordinate employees, including those that are inconsistent with formal policies. These practices, because they are widespread and deeply embedded in the culture of the DOF, constitute unwritten departmental policies. NYC is also responsible for the appointment, training, supervision and conduct of all DOF personnel, including the defendants mentioned herein.

8. Defendant NYC DOF is the revenue service, taxation agency and recorder of deeds of the government of New York City. The department is responsible for appointment, training, supervision and conduct of all of the Office of the Sheriff of the City of New York ("NYC Sheriff's Office") personnel, including the defendants mentioned herein.

9. Defendant NYC Sheriff's Office, is the primary civil law enforcement agency for the City of New York. The NYC Sheriff's Office is a division of the NYC DOF, operating as an enforcement arm. The NYC Sheriff's Office handles investigations concerning cigarette tax enforcement, real estate property/deed fraud and other matters deemed necessary by the DOF. The NYC Sheriff's Office is responsible for the appointment, training, supervision and conduct of all Sheriff's Offices personnel in NYC, including the defendants mentioned herein. NYC Sheriff's Office is also responsible for the management and control of all the NYC Sheriff's Offices, including the Queens County Sheriff's Department ("Queens Sheriff's Department").

10. Queens Sheriff's Department is a department/division of the NYC Sheriff's Office, and it is the employer of Queens County Deputy Sheriff Marzan and, upon information and belief, the other 5 John Doe Sheriff Deputies involved with the incident subject to this Complaint. Queens Sheriff's Department is aware of and tolerates practices by its employees, including those that are inconsistent with formal policy. These practices, because they are widespread and deeply embedded in the culture of the Queens Sheriff's Department, constitute unwritten departmental policy. The Queens Sheriff's Department is also responsible for the appointment, training, supervision and conduct of all its personnel, including the defendants Queens County Deputy Sheriff Marzan ("Deputy Sheriff Marzan") and John Doe Sheriff Deputy #1, John Doe Sheriff Deputy #2, John Doe Sheriff Deputy #3, John Doe Sheriff Deputy #4, and John Doe Sheriff Deputy #5 ("John Doe Sheriff Deputies"), mentioned herein.

11. Defendant Deputy Sheriff Marzan is, upon information and belief, a deputy sheriff with Queens Sheriff's Department and is identified as officer 0837 with officer's badge: 669097. Plaintiff was not provided with the first name of Deputy Sheriff Marzan. Deputy Sheriff Marzan violated Plaintiff's 4th Amendment right to be secure in his person and to be free from unreasonable stop and seizure. Deputy Sheriff Marzan is sued in his individual and official capacity.

12. John Doe Sheriff Deputies are about 4 sheriff deputies assigned to the Queens Sheriff's Department. The assignments of the John Doe Sheriff Deputies are not known to Plaintiff. These 5 John Doe Sheriff Deputies were present and directly supported and assisted Deputy Sheriff Marzan during the incident subject to this Complaint. These 5 John Doe Sheriff Deputies violated Plaintiff's 4th Amendment right to be secure in his person and to be free from unreasonable stop and seizure. John Doe Sheriff Deputies are sued in their individual and official capacity.

**FACTS**

4

13. On August 19, 2022 at approximately 12:20 p.m., Plaintiff was trying to find a parking spot near 1 Police Plaza and Plaintiff temporarily parked his car in front of Deputy Sheriff Marzan's cruiser which was double parked by another vehicle. Plaintiff approached Deputy Sheriff Marzan on foot while Deputy Sheriff Marzan was sitting in his sheriff cruiser on Pearl St. to inquire about parking in downtown Manhattan, New York.

14. Plaintiff politely said "Hello, I saw your cruiser activated its emergency lights and wanted to ask if you were planning to leave any time soon from a parking spot?". Plaintiff simply wanted to find out if Deputy Sheriff Marzan was about to leave (since his emergency lights were on) and potentially take the freed parking space.

15. Deputy Sheriff Marzan, after continuous pause tersely responded by asking Plaintiff "Why did you pepper spray your license plate?". This was a direct and unfounded accusation of Plaintiff, and it was not true, because while Plaintiff's car rear license plate had some minor dirt spots from driving on a dirt road the day before, it was clearly visible and not covered or sprayed with anything.

16. Plaintiff would not have knowingly stopped his car in front of Deputy Sheriff Marzan's cruiser if Plaintiff had spayed or covered his license plate in any way.

17. Plaintiff politely responded that "I don't know what you are talking about, can you just tell me if you planning to leave, and I'll be on my way?".

18. Deputy Sheriff Marzan yelled at Plaintiff "you know what I'm talking about!" and Deputy Sheriff Marzan came out of his sheriff cruiser and demanded Plaintiff show him his ID.

19. Plaintiff responded, "Yeah I have an ID, but you can't ID me, New York is not stop and ID state." and Plaintiff tried to explain to Deputy Sheriff Marzan that in New York, a person is not required to carry ID, and a person does not have to show ID to a police officer.

5

20. Deputy Sheriff Marzan yelled at Plaintiff "No, you are wrong! Let me see your license! Where is your license?", at the same time about 5 John Doe Sheriff Deputies started approaching and encircling Plaintiff.

21. Plaintiff calmly responded that his driver's license is in his car, but he is not required to show it to Deputy Sheriff Marzan because New York is not a stop and ID state.

22. Deputy Sheriff Marzan shouted and ordered Plaintiff to "go get your license!", while one of the other 5 John Doe Sheriff Deputies stood right next to Deputy Sheriff Marzan.

23. Plaintiff again politely asked for what reason he had to provide his driver's license.

24. Without providing any explanation Deputy Sheriff Marzan again shouted and ordered Plaintiff to "Go get your license!".

25. Plaintiff still confused, asked again "why are you forcing me?".

26. Deputy Sheriff Marzan continued shouting to Plaintiff to "go get your license!", and Deputy Sheriff Marzan threateningly stated, "cause now this is a traffic stop, I'm lawfully asking you for your license or I will place you under arrest for failure!". Plaintiff took and understood this as a direct threat by Deputy Sheriff Marzan.

27. Scared not to be arrested, Plaintiff went and sat in the driver seat of his car.

28. Deputy Sheriff Marzan blocked Plaintiff's open driver's door and kneeled on the door from the inside of the door putting pressure on it, while the other 5 John Doe Sheriff Deputies encircled the Plaintiff's car from the back and the sides. Plaintiff and his car were surrounded, and Plaintiff was not allowed to move or leave.

29. Involuntarily and under the threat of arrest, Plaintiff found his registration and showed his insurance certificate in digital format on his phone screen to Deputy Sheriff Marzan while still

6

looking for his driver's license. Plaintiff tried to explain to Deputy Sheriff Marzan that this was a violation of his Constitutional rights.

30. Deputy Sheriff Marzan while holding all vehicle papers continued to threaten and shout at Plaintiff "give me your driver's license!"

31. Plaintiff repeatedly asked Deputy Sheriff Marzan "why are you enforcing it?"

32. Without providing any explanation Deputy Sheriff Marzan ordered and shouted at Plaintiff, "Driver license! Driver license! Let's go! Let's go!".

33. Plaintiff stated to Deputy Sheriff Marzan that "I'm trying to go to the police office at 1 Police Plaza to obtain paperwork," while trying to explain the stop at that moment and that he was simply looking for a parking space.

34. Deputy Sheriff Marzan ignored any attempts by Plaintiff for explanation and instead demanded and shouted to Plaintiff, "Driver License!!!".

35. Deputy Sheriff Marzan demanded "Do you have a Hack(Taxi) license?"

36. Plaintiff provided an affirmative response, and Deputy Sheriff Marzan demanded "Let me see your Hack license".

37. Deputy Sheriff Marzan collected all papers from Plaintiff and stated, "If you were to shut up ....", and ordered Plaintiff to "sit tight," Deputy Sheriff Marzan walked away with all collected papers and driver license of Plaintiff, while the other 5 John Doe Sheriff Deputies remained surrounding Plaintiff's car from the sides and the back.

38. While waiting for close to 27 minutes, Plaintiff expressed his disappointment to one of the other 5 John Doe Sheriff Deputies, but Plaintiff was just ordered to stay silent.

39. In the meantime a black tow truck pulled up and parked right in front of Plaintiff's vehicle. This tow truck was driven by a person dressed in sheriff's gear who spoke with the John

Doe Sheriff Deputies standing around Plaintiff's car. Plaintiff noticed that the tow truck had its rear New York State ("NYS") license plate bended, which the Plaintiff brought to the attention of one of John Doe Sheriff Deputies because it appeared hypocritical that Plaintiff is stopped for obstructed license plate which was not really obstructed while a tow truck operated by a sheriff's office employee had its rear NYS license plate bended and not visible.

40. After Plaintiff waited for about twenty-seven minutes and was not allowed to leave or move, Deputy Sheriff Marzan came out of his Sheriff's cruiser with Plaintiff's vehicle paperwork and issued a Traffic Court summons for obstructed vehicle plate (Traffic Ticket: ABD7385350).

41. Plaintiff noticed that it appeared to be the first time that Deputy Sheriff Marzan activated his body-worn camera since the beginning of the encounter.

42. Deputy Sheriff Marzan approached Plaintiff and stated "ok, so it is a traffic court summons right, again, it is against the law to obstruct your plate."

43. Plaintiff tried again to point out to Deputy Sheriff Marzan the apparent hypocrisy of the sheriff's tow truck with bended rear NYS license plate that was parked in front of Plaintiff's car, but Plaintiff was just ignored.

44. Deputy Sheriff Marzan also directly threatened Plaintiff that he is "also going to notify TLC (Taxi-Limousine Commission) so they can call your vehicle for inspection".

45. Even though Plaintiff objected to the validity of the traffic violation summons, Plaintiff had to take it because Deputy Sheriff Marzan would not otherwise let him leave.

46. The majority of the above events and interaction were recorded with some sound on Plaintiff's car front and rear dash camera. Plaintiff also submitted a FOIL request with NYC DOF and was able to obtain a partial video from Deputy Sheriff Marzan's body-worn camera

8

documenting the end of the encounter when Deputy Sheriff Marzan gave the traffic violation summons to Plaintiff.

### FIRST CAUSE OF ACTION:

### 42 USC 1983 / 4th AND 14th AMENDMENT RIGHT AGAINST UNREASONABLE STOP AND SEIZURE

47. Plaintiff incorporates by reference the allegations set forth in paragraph 1 through 46 as though they were fully set forth here.

48. By reason of the foregoing, Defendants Deputy Sheriff Marzan and the other 5 John Doe Sheriff Deputies violated plaintiff's 4th and 14th Amendment rights against unreasonable stop and seizure. Even though the encounter with Deputy Sheriff Marzan was initially consensual as Plaintiff voluntarily initiated it by stopping in front of the sheriff's car and approaching the sheriff to ask for a parking space, Deputy Sheriff Marzan started shouting at Plaintiff that "[c]ause now this is a traffic stop, I'm lawfully asking you for your license or I will place you under arrest for failure!" and ordered Plaintiff to sit in driver seat of his car while Deputy Sheriff Marzan kept his driver's door opened and kneeled on the door from the inside of the door putting pressure on it. The other 5 John Doe Sheriff Deputies had also surrounded the car of Plaintiff from behind and the sides.

49. The temporary detention of Plaintiff during the stop of his car by the Deputy Sheriff Marzan and the other 5 John Doe Sheriff Deputies, even if only for a brief period and for a limited purpose, constitutes a "seizure" of "person" within the meaning of 4th and 14th Amendment.

50. Plaintiff's car was stopped by Deputy Sheriff Marzan and the other 5 John Doe Sheriff Deputies without any probable cause or reasonable suspicion as Plaintiff's license plate was not covered, in violation of Plaintiff's 4th Amendment right of an individual to be free from

9

unreasonable stops and seizures. Plaintiff did not violate any law under New York State's Vehicle and Traffic Law and was not doing anything illegal to precipitate Defendants' stop of his vehicle. Plaintiff would not have knowingly stopped his car in front of Deputy Sheriff Marzan's cruiser if Plaintiff had spayed or covered his license plate in any way.

51. Defendants Deputy Sheriff Marzan and the other 5 John Doe Sheriff Deputies exhibited a deliberate indifference to Plaintiff's right to be secure in his person, and to be free from unreasonable stop and seizure, in violation of Plaintiff's 4th and 14th Amendment right to the Constitution of the United States.

52. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages alleged herein.

## SECOND CAUSE OF ACTION:

### 42 USC 1983 / 4th AND 14th AMENDMENT AGAINST UNREASONABLE STOP AND SEIZURE

53. Plaintiff incorporates by reference the allegations set forth in paragraph 1 through 52 as though they were fully set forth here.

54. Defendants City of New York, NYC DOF, NYC Sheriff's Office, and Queens Sheriff's Department are aware of and tolerate practices by subordinate employees such as the actions subject to this Complaint by Deputy Sheriff Marzan and the other 5 John Doe Sheriff Deputies, which are inconsistent with formal policies. These practices are widespread and deeply embedded in the culture of the department, and constitute unwritten departmental policies.

55. The Queens Sheriff's Department is a law enforcement agency that, in addition to being responsible for law enforcement is also responsible for appointment, training and conduct of all

Queens Sheriff's Department personnel, including Deputy Sheriff Marzan and the other 5 John Doe Sheriff Deputies.

56. By reason of the foregoing, Defendants NYC, DOF, NYC Sheriff's Office, and Queens Sheriff's Department violated Plaintiff's civil rights under the 4th and 14th Amendment to the Constitution of the United States against unreasonable stop and seizure. The Defendants conducted a stop and seizure of Plaintiff without any probable cause or reasonable suspicion.

57. Defendants exhibited a deliberate indifference to Plaintiff's right to be secure in his person, and to be free from unreasonable seizure in violation of Plaintiff's rights under the 4th and 14th Amendment to the Constitution of the United States.

58. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages alleged herein.

### THIRD CAUSE OF ACTION:

### MALICIOUS PROSECUTION

59. Plaintiff incorporates by reference the allegations set forth in paragraph 1 through 58 as though they were fully set forth herein.

60. By reason of the foregoing, Defendants NYC DOF, NYC Sheriff's Office, Queens Sheriff's Department, Deputy Sheriff Marzan and the other 5 John Doe Sheriff Deputies stopped Plaintiff's car without any probable cause or reasonable suspicion and issued Plaintiff a ticket for "driving with a covered license plate" and caused the prosecution of plaintiff in the Traffic Violations Bureau. Plaintiff missed several hours of work and wages, in order to attend these traffic court hearings. No evidence of wrongdoing by Plaintiff was presented in Traffic Court and case was dismissed.

61. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages alleged herein.

## FOURTH CAUSE OF ACTION:

### ARTICLE 1 SECTION 12 OF THE CONSTITUTION OF THE STATE OF NEW YORK

62. Plaintiff incorporates by reference the allegations set forth in Paragraph 1 through 61 as though they were fully set forth here.

63. By reason of the foregoing, Defendants DOF, NYC Sheriff's Office, Queens Sheriff's Department, Deputy Sheriff Marzan and the other 5 John Doe Sheriff Deputies, acting under the color of state law, willfully violated Plaintiff's rights under Article 1 Section 12 of the New York State Constitution, which supplements the 4th and 14th Amendment to the Constitution of the United States, and grants Plaintiff the right to be secure in his person and to be free from unreasonable seizure of his person.

64. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages alleged herein.

**WHEREFORE**, Plaintiff requests the following relief:

A. Award Plaintiff compensatory damages against each and every defendant, including NYC, in an amount of not less than $15,000.00 (Fifteen Thousand Dollars), jointly and severally for violation of Plaintiff's rights under the 4th and 14th Amendment to the Constitution of the United States, and Article 1 Section 12 of the New York State Constitution to be secure in his person and to be free from unreasonable seizure, and for malicious prosecution of Plaintiff for allegedly driving with a covered license plate.

B. Ordering Deputy Sheriff Marzan and the other 5 John Doe Sheriff Deputies to undergo re-training on properly conducting traffic violation stops.

C. An order awarding plaintiff the costs of this action, with disbursements.

D. Such other and further relief as the Court deems just and proper.

Dated: February 18, 2024
Kings County, New York

Sait Anvarbekovich Kurmangaliyev

Mailing Address: 2533 Batchelder St., Apt 2G
Kings County, New York State

Telephone: +1 (929) 234-1101
Email: KurmangaliyevSait@yahoo.com