FILED
Nov 17, 2024, 1:20 PM
in the Clerk's Office
U.S. District Court,
EDNY, Brooklyn
Pro Se Office via
Box.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
Case No. 22-cv-05656 (LDH)(CLP)

Sait Kurmangaliyev,
Plaintiff,
v.
City of New York, NYC Department of Finance, Office of the Sheriff of the City of New York, Queens County Sheriff's Department, Queens County Deputy Sheriff Jose Marzan, and John Doe Sheriff Deputies 1-5,
Defendants.

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

I, Sait Kurmangaliyev, respectfully submit this opposition to the Motion to Dismiss filed by Defendants, City of New York and Deputy Sheriff Jose Marzan, dated November 15, 2024. The motion should be denied in its entirety for the reasons outlined below.

I. INTRODUCTION

The Defendants' Motion to Dismiss is misguided and should be rejected. I have properly pleaded claims for "malicious prosecution", "unlawful detention", and **violations of my constitutional rights** under the "Fourth Amendment". The Defendants' arguments for dismissal—including their claims of "qualified immunity"—are legally unsound and fail to address the facts as I've presented them. My claims are based on clear violations of law that need to be addressed through discovery and trial, not dismissed prematurely.

This case is about the "unlawful detention" I suffered, the "malicious prosecution" I faced, and the broader "violation of my constitutional rights". The actions of Deputy Marzan, in particular, are without legal justification, and the Defendants 'motion does nothing to adequately address this.

II. THE MALICIOUS PROSECUTION CLAIM IS STRONG AND SHOULD PROCEED

Defendants argue that my "malicious prosecution" claim should be dismissed because the underlying offense was civil in nature. This argument is both legally incorrect and irrelevant. "Malicious prosecution" claims can arise from civil actions, including traffic violations, when the officer acts with "malice" and "without probable cause". This is exactly what happened in my case.

A. Legal Standard for Malicious Prosecution

To prove "malicious prosecution", I must show that:

1. A civil or criminal proceeding was brought against me;
2. That proceeding ended in my favor (which it did when the summons was dismissed);
3. The proceeding was initiated without probable cause;
4. The proceeding was pursued with malice.

These elements are all clearly met here. The "summons" issued against me was for a non-existent offense, and there was no legal basis for detaining me in the first place.

B. There Was No Probable Cause for the Summons

While the Defendants claim that the underlying issue was a "civil matter" (the traffic summons), the fact is that there was no probable cause for the summons or my detention. I was "illegally detained" without any reasonable suspicion, and Deputy Marzan had no right to demand my identification or prevent me from leaving.

What started as a simple inquiry about parking spaces escalated into an unlawful stop and detention. Deputy Marzan's actions were an abuse of power, and the "dismissal of the summons" further proves there was no legitimate basis for the charges. This clearly shows that the summons was issued in bad faith and without any legal justification.

Defendants 'claim that this was a civil matter doesn't change the fact that it was "a malicious, baseless prosecution". As courts in "Lanning v. City of Glen Falls", 908 F.3d 19 (2d Cir. 2018) have made clear, a "malicious prosecution claim can survive" even if the underlying proceedings are civil—as long as there is "malice" and "lack of probable cause", which is exactly what happened here.

C. Malice is Clearly Present

The Defendants also claim there is no malice in my case, but this is simply untrue. Deputy Marzan demanded my identification without any lawful reason, detained me against my will, and issued a summons for an offense that didn't even exist. These actions "show malice" and an improper motive, especially when you consider that the summons was later dismissed.

The "bad faith" with which this matter was pursued is exactly what malicious prosecution claims are meant to address. It was an unjustified escalation by the officer, not a lawful stop or summons.

D. Legal Precedent Supports My Claim

Case law strongly supports the idea that "civil proceedings" can form the basis for a "malicious prosecution claim". In "Harley v. Suffolk County Police Department", 2012 U.S. Dist. LEXIS 25708 (E.D.N.Y. Feb. 28, 2012), and "Topolski v. Cottrell", 2012 U.S. Dist. LEXIS 112018 (N.D.N.Y. Aug. 9, 2012), courts found that malicious prosecution claims could proceed even when the underlying case was civil, as long as "malice" and "lack of probable cause were present.

I've clearly demonstrated that my detention and the subsequent summons were entirely baseless, and that they were motivated by malice. As such, my "malicious prosecution claim"should move forward.

III. DEPUTY MARZAN IS NOT ENTITLED TO QUALIFIED IMMUNITY

The Defendants claim that Deputy Marzan is protected by "qualified immunity", but I strongly disagree. The actions of Deputy Marzan—detaining me without probable cause, demanding identification without legal justification, and preventing me from leaving—"clearly violated my constitutional rights". These rights were "well-established" at the time of the incident.

A. My Fourth Amendment Rights Were Violated

The "Fourth Amendment" guarantees protection against unreasonable searches and seizures, and this includes protection from "unlawful detentions". In "Terry v. Ohio", 392 U.S. 1 (1968), the Supreme Court established that an officer must have "reasonable suspicion" to detain someone. There was no such suspicion in my case. Deputy Marzan had no right to detain me, let alone to demand my identification, when I had done nothing wrong.

The "Fourth Amendment" protects against "unreasonable detentions" like the one I experienced, and the law was "well-established" at the time of the incident in August 2022. Deputy Marzan "did not have the legal authority" to act in the way he did.

B. The Law Was Clearly Established at the Time

When this happened, the "law was clear" that officers need a legitimate reason to detain someone and cannot demand identification without reasonable suspicion. "Terry v. Ohio" and "Hiibel v. Sixth Judicial District Court of Nevada", 542 U.S. 177 (2004), clearly established these protections.

Given these precedents, Deputy Marzan's actions were not just unreasonable—they were "unconstitutional", and he is "not entitled to qualified immunity".

IV. CLAIMS AGAINST NON-SUABLE ENTITIES SHOULD BE DISMISSED WITHOUT PREJUDICE

I agree that the claims against the "New York City Department of Finance", "Queens County Sheriff's Department", and the "Office of the Sheriff of the City of New York" should be dismissed, but I request that the dismissal be "without prejudice" so that I can amend the complaint if necessary to add the proper defendants, including the City of New York and the individual officers involved.

V. I DID NOT FAIL TO FILE A NOTICE OF CLAIM

Defendants argue that my state law claims should be dismissed because I didn't file a notice of claim within the required time period. However, my claims are primarily based on "federal constitutional violations", including "malicious prosecution" and "violations of my Fourth Amendment rights", which do not require the filing of a notice of claim.

Even if I had to file a notice of claim for state law torts, I respectfully ask the Court for leave to amend my complaint, should it find any issue with the state law claims.

VI. CONCLUSION

For the reasons above, I respectfully ask that the Court "deny Defendants 'Motion to Dismiss"in its entirety. My claims for "malicious prosecution", "unlawful detention", and "violations of my constitutional rights" under the "Fourth Amendment" are well-supported by both the facts and the law. The motion does not address the core legal issues or the facts as alleged, and the case should proceed to discovery and trial.

Thank you for your attention to this matter.

Respectfully,
Sait Kurmangaliyev
Plaintiff