UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SAIT ANVARBEKOVICH KURMANGALIYEV,

                                    Plaintiff,

v.

THE CITY OF NEW YORK, THE NEW YORK
CITY DEPARTMENT OF FINANCE, THE
OFFICE OF THE SHERIFF OF THE CITY OF
NEW YORK, QUEENS COUNTY SHERIFF'S
DEPARTMENT, QUEENS COUNTY DEPUTY
SHERIFF MARZAN, JOHN DOE SHERIFF
DEPUTY #1, JOHN DOE SHERIFF DEPUTY #2,
JOHN DOE SHERIFF DEPUTY #3, JOHN DOE
SHERIFF DEPUTY #4, JOHN DOE SHERIFF
DEPUTY #5

                                    Defendant.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
22-CV-5656 (LDH)

---

LASHANN DEARCY HALL, United States District Judge:

Sait Anvarbekovich Kurmangaliyev ("Plaintiff"), proceeding *pro se*, brings the instant action pursuant to 42 U.S.C. § 1983 and the Constitution of New York against the City of New York, the New York City Department of Finance, the Office of the Sherriff of the City of New York, Queens County Sheriff's Department, Queens County Deputy Sheriff Marzan ("Defendant Marzan"), John Doe Sheriff Deputy #1, John Doe Sheriff Deputy #2, John Doe Sheriff Deputy #3, John Doe Sheriff Deputy #4, and John Doe Sheriff Deputy #5 (collectively, "Defendants"), alleging violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, malicious prosecution, and violation of his rights under Article 1, Section 12 of the Constitution of New York. (Am. Compl., ECF No. 10.) Defendants move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Amended Complaint in its entirety. (Notice Mot., ECF No. 24.) For the reasons discussed below, Plaintiff's Amended Complaint is

dismissed with prejudice.

## BACKGROUND

On August 19, 2022, Plaintiff was driving and looking for parking in downtown Manhattan, New York. (Am. Compl. ¶ 13.) At some point, Plaintiff saw Defendant Marzan sitting in a parked police car. (*Id.*) Plaintiff proceeded to park his car in front of Defendant Marzan's car, approach Defendant Marzan on foot, and inquire whether Defendant Marzan was planning to move from the spot in which he was parked. (*Id.* ¶¶ 13, 14.) In response, Defendant Marzan asked Plaintiff why Plaintiff had pepper sprayed the license plate affixed to Plaintiff's car. (*Id.* ¶ 15.) Plaintiff explained that his car rear license plate had dirt spots on it from driving on a dirt road the day prior. (*Id.*) Nonetheless, Defendant Marzan requested that Plaintiff produce his driver's license. (*Id.* ¶¶ 18, 20, 22.) Plaintiff refused. (*Id.* ¶¶ 19, 21.) Defendant Marzan then informed Plaintiff the interaction was now a "traffic stop" and that his refusal could result in Plaintiff's arrest. (*Id.* ¶ 26.) Around this time, Defendants John Doe Sheriff Deputies #1-5 approached Plaintiff and Defendant Marzan. (*Id.* ¶ 20.) Ultimately, Plaintiff capitulated to Defendant Marzan's request by providing his license and paperwork and sitting in his car. (*Id.* ¶¶ 27, 37.) At that time, Defendants John Doe Sheriff Deputies #1-5, who had arrived on the scene, positioned themselves around Plaintiff's car. (*Id.* ¶ 37.) Plaintiff was detained for approximately 27 minutes and then was issued a traffic summons by Defendant Marzan for an obstructed vehicle plate. (*Id.* ¶ 38.)

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the Amended Complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, the Court is required to dismiss an in forma pauperis action if the Court determines it fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### I.     Plaintiff Brings This Action Against Non-Suable Entities

Under New York City Charter section 396, "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."  Here, Plaintiff's Amended Complaint is brought against the New York City Department of Finance, the Queens County Sheriff's Department, and the Office of the Sherriff of the City of New York.  (*See generally* Am. Compl.).  As Plaintiff concedes, the New York City Department of Finance and the Office of the Sherriff of the City of New York are agencies of the City of New York. [1]  (*Id.* ¶¶ 7, 9).  As such,

---

[1] And, by extension, the Queens County Sheriff's Department is also an agency of the City of New York, by virtue of it being a department of the Office of the Sherriff of the City of New York.  (*See id.* ¶ 10.)

3

each of these Defendants are non-suable entities, and Plaintiff's claims against them must be dismissed. *See Ximines v. George Wingate High Sch.*, 516 F.3d 156, 160 (2d Cir. 2008) (per curiam) ("Section 396 of the Charter has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued"); *Richardson v. New York City Police Dep't*, No. 12-CV-5753 ARR, 2013 WL 101403, at *2 (E.D.N.Y. Jan. 7, 2013) (explaining an agency of the City of New York "may not be sued directly; instead, any suit against a City agency must be brought against the City of New York").

## II.    Fourth Amendment Unreasonable Seizure Claim

The Fourth Amendment to the United States Constitution provides individuals the right to be free from unreasonable seizures. Of particular relevance here, even "[t]he temporary detention of an individual during a traffic stop" constitutes a "seizure" of the person. *Holeman v. City of New London*, 425 F.3d 184, 189 (2d Cir. 2005) (citing *Whren v. United States*, 517 U.S. 806, 809–10 (1996)). Here, Plaintiff complains that his right to be free from unreasonable seizures was violated when he was stopped for a purported traffic infraction on August 19, 2022.

The determination of whether a seizure is reasonable is predominantly an objective inquiry asking "whether 'the circumstances, viewed objectively, justify the challenged action.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 736 (2011) (alterations and citations omitted). In the case of a traffic stop, to be lawful, there must be reasonable suspicion that the person who was stopped committed a traffic violation or was otherwise engaged in or about to be engaged in criminal activity. *See United States v. Stewart*, 551 F.3d 187, 193 (2d Cir. 2009) ("hold[ing] unambiguously that the reasonable suspicion of a traffic violation provides a sufficient basis under the Fourth Amendment for law enforcement officers to make a traffic stop"). This standard is not particularly high, and it is satisfied if officers can point to "articulable facts which, taken together,. . . provide a

4

particularized and objective basis for suspecting legal wrongdoing." *United States v. Patterson*, 25 F.4th 123, 135-36 (2d Cir. 2022) (citations and internal quotation marks omitted). In this case, Defendants maintain that, according to Plaintiffs own allegations, the requisite, reasonable suspicion existed to allow for Plaintiff to be lawfully detained. The Court agrees.

Plaintiff parked his car in front of Defendant Marzan's police vehicle and inquired about a parking spot. (Am. Compl. ¶¶ 13, 14.) Thereafter, Defendant Marzan inquired about, what he characterized as, a "spray" on Plaintiffs license plate, detained Plaintiff for approximately 27 minutes, and ultimately issued Plaintiff a Traffic Court summons for an obstructed vehicle plate. (*Id.* ¶¶ 15, 40.) Under these facts, it is plain that reasonable suspicion existed for Plaintiff to be stopped.

Under New York law, a license plate is required to be "kept clean and in a condition so as to be easily readable," and it "shall not be knowingly covered or coated with any material or substance" that obscures such license plate. N.Y. Veh. & Traf. Law § 402(1)(b)(i)-(ii). According to the Amended Complaint, Plaintiff's license plate had dirt spots on it from a drive the day prior. (Am. Compl. ¶ 15.) That, as Plaintiff argues, the license plate had only "minor spots" cannot save Plaintiff's claim. (*See id.*) Indeed, rather than save Plaintiff's claim, the allegations concerning the condition of his license plate amounts to an admission that the license was not "kept clean" and/or unobscured as required by the New York traffic law. *See People v. Jones*, 139 N.Y.S.3d 421, 423 [3rd Dep't. 2021] (finding an officer observing the obstruction of "about an inch to an inch and a half of the bottom portion of [a] license plate" sufficient to lawfully stop the vehicle because the statutory language of Section 402(1)(b) "reflect[s] a clear intent that no part of [a

license] plate may be obstructed"). Accordingly, Plaintiff's claim under the Fourth and Fourteenth Amendments are dismissed.[2]

## III.    Plaintiff's Federal Malicious Prosecution Claim

To sustain a malicious prosecution claim under § 1983, a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions. *Droz v. McCadden,* 580 F.3d 106, 109 (2d Cir. 2009). Importantly, malicious prosecution claims may only arise from initiation or continuation of a criminal matter but not from civil actions. *See id.*; *see also Harley v. Suffolk Cnty. Police Dep't*, No. 09-CV-2897 JFB ARL, 2012 WL 642431, at *6 (E.D.N.Y. Feb. 28, 2012) ("To succeed on a malicious prosecution claim under § 1983, a plaintiff must show [] that the defendant commenced or continued a criminal proceeding against him"). In this case, Plaintiff was not arrested or otherwise charged in a criminal proceeding. Rather, Plaintiff was issued a "Traffic Court summons," which has long been deemed civil in nature. *Azeez v. City of New York*, No. 16-CV-342(NGG) (SJB), 2018 WL 4017580 (E.D.N.Y. Aug. 22, 2018) (dismissing plaintiff's malicious prosecution claim because such a claim requires that "the defendants initiated criminal—not civil—proceedings against [plaintiff]," and plaintiff "was charged with two violations of Vehicle & Traffic Law, which New York law defines as 'not a crime'" (quoting N.Y.

---

[2] To the extent Plaintiff's second cause of action asserts a *Monell* claim, this claim also fails for the aforementioned reasons because Plaintiff has failed to allege facts sufficient to infer his constitutional right to be free from unlawful seizures was denied. *See Rivera v. City of New York*, No. 1:22-CV-00689-FB-JAM, 2024 WL 4790427, at *1 (E.D.N.Y. Nov. 14, 2024) ("To succeed on a *Monell* claim, 'a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)). Accordingly, this claim is also dismissed.

Veh. & Traf. Law § 155)), *aff'd*, 790 F. App'x 270, 274 (2d Cir. 2019).  In other words, Plaintiff's malicious prosecution claim does not arise from a criminal proceeding.  As such, a claim for malicious prosecution is unavailable to Plaintiff under the facts alleged, and this claim must also be dismissed.

### CONCLUSION[3]

For the foregoing reasons, Defendants' motion to dismiss the Amended Complaint is GRANTED.  Plaintiff's Amended Complaint is dismissed with prejudice.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


SO ORDERED.

Dated: Brooklyn, New York
     May 30, 2025

/s/ LDH
LASHANN DEARCY HALL
United States District Judge

---

[3] Having dismissed the federal claims in this action, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("a district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C.A. § 1367(c)(3)).